IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REVINSON ALIM, REYNALDO EBORLAS, SIONE FAKAVA, LORETO GILLA, RYAN DE GUZMAN, and REGINALD VERGARA,<br><br>      Plaintiffs,<br><br>  v.<br><br>AIRCRAFT SERVICE INTERNATIONAL, INC.,<br><br>      Defendant.<br>                                   / | No. C 12-02133 WHA<br><br>**ORDER DENYING MOTION TO DISMISS** |

## INTRODUCTION

In this employment action, defendant moves to dismiss plaintiffs' complaint, advancing two grounds for dismissal: (1) federal preemption and (2) dismissal for failure to state a claim upon which relief can be granted. For the following reasons, defendant's motion to dismiss is **DENIED**.

## STATEMENT

Plaintiffs Revinson Alim, Reynaldo Eborlas, Sione Fakava, Loreto Gilla, Ryan De Guzman, and Reginald Vergara are current and former employees of defendant Aircraft Service International, Inc. (ASII) (First Amd. Compl. ¶ 1). ASII provides support services to airlines, including ground handling, fueling and facility services (*id.* ¶¶ 4, 9). Plaintiffs work or worked as ground-service equipment (GSE) mechanics at San Francisco International Airport, and their

job responsibilities include performing maintenance and repairs on ground equipment, such as pick-up trucks, pushback tugs, and conveyor belt loaders (*id.* ¶¶ 9–11).

During their respective terms of employment with ASII, plaintiffs were "scheduled to work five shifts of eight and a half hours each per week" (*id.* ¶ 18). Plaintiffs claim that during the course of their employment with ASII, they "were unable to take 30-minute meal periods and 10-minute rest periods as required under California law" because they "were required to be on-duty and immediately responsive to service calls for maintenance or repairs of equipment at all times during their shifts" and were "required to carry and respond to their radios at all times during their shifts" (*id.* ¶ 19). Plaintiffs also claim that while they "were required to work and remain on-duty throughout the entirety of their eight-and-a-half hour shifts" they "were only paid for eight hours of work" (*id.* ¶ 20).

Plaintiffs allege the following nine claims for relief: (1) failure to provide meal periods under state law; (2) failure to authorize and permit rest periods; (3) failure to pay overtime wages under federal law; (4) failure to pay overtime wages under state law; (5) failure to pay minimum wages under state law; (6) failure to furnish accurate wage statements; (7) waiting time penalties; (8) breach of contract; and (9) unfair competition and unfair business practices (*id.* ¶¶ 23–86). Plaintiffs seek damages, restitution, declaratory relief and attorneys' fees (*id.* ¶¶ 87–89). Plaintiffs do not seek class certification. Defendant now moves to dismiss plaintiffs' complaint.

**ANALYSIS**

1. **STANDARD OF REVIEW.**

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is facially plausible when there are sufficient factual allegations to draw a reasonable inference that defendant is liable for the misconduct alleged. While a court "must take all of the factual allegations in the complaint as true," it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[C]onclusory allegations of law and unwarranted inferences are

2

insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996). Dismissal is only proper if there is either a "lack of cognizable legal theory" or the "absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990).

### 2. PREEMPTION.

Defendant argues that plaintiffs' first, second, fourth, fifth, sixth, seventh, eighth, and ninth claims for relief must be dismissed because they are state law claims preempted by the Airline Deregulation Act (ADA) (Br. 5). In 1978, "Congress, determining that 'maximum reliance on competitive market forces' would best further 'efficiency, innovation, and low prices' as well as 'variety [and] quality . . . of air transportation services,' enacted the [ADA]." *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 378 (1992) (citations omitted). The ADA includes an express federal preemption provision which provides that "a State . . . may not enact or enforce a law, regulation or other provision having the force and effect of law related to a price, route, or service of an air carrier." 49 U.S.C. 41713(b)(1). The Supreme Court has broadly interpreted the ADA's preemption provision. *Morales*, 504 U.S. at 383. Significantly, the Court has held that the words "related to" are "key" when interpreting the preemption provision's breadth because "the ordinary meaning of these words is a broad one," and thus their use "express[es] a broad, pre-emptive purpose." *Ibid.*

At issue now is whether or not the ADA's preemption provision is broad enough to apply to eight of plaintiffs' nine claims for relief. In order for a state action to be preempted by the ADA, the action must have a "direct" and "forbidden significant effect on [airline] rates, routes or services." *Ginsberg v. Northwest, Inc.*, — F.3d —, 2012 WL 2869981 at *3–4 (9th Cir. 2012) (citing *Morales*, 504 U.S. at 388, 390). "Crucial" to the ADA's preemption analysis is whether the state action at issue is a "proscriptive law targeting *primary conduct*" or an action that "simply give[s] effect to bargains offered by airlines and accepted by airline customers." *Id*. at *4 (quoting *American Airlines, Inc. v. Wolens*, 513 U.S. 219, 228 (1995)). Thus, while the words "related to" express the ADA's "broad preemptive purpose" with regards to proscriptive

3

state statutes, the ADA's preemption provision is not broad enough to "displace [s]tate common law contract claims." *Morales*, 504 U.S. at 383; *Ginsberg*, 2012 WL 2869981 at *8.

The undersigned judge has already considered the scope of the ADA's preemption provision in a similar case, *National Federation of the Blind v. United Airlines, Inc.* In *National Federation*, the plaintiffs sued United Airlines, alleging that its failure to provide automated check-in kiosks that were accessible to the visually impaired violated California's Unruh Civil Rights Act and Disabled Persons Act. 2011 WL 1544524 at *1 (N.D. Cal. 2011). That order held that "the kiosks plainly facilitate a number of different services that relate to air transportation" and "[b]ecause the state law[s] at issue . . . ha[ve] a connection with service, plaintiffs' claims are expressly preempted by the Airline Deregulation Act." *Id.* at *5, 7. Rejecting the plaintiffs' argument that the Unruh Civil Rights Act and the Disabled Persons Act affected airline services in "too tenuous, remote or peripheral a manner to have a preemptive effect," the order found that regulation of the kiosks under proscriptive California statutes would have a significant impact on airline services forbidden by the ADA. *Id.* at *6.

Similarly, this action involves the application of proscriptive California meal-and-rest break regulations to employees who maintain and repair ground equipment for airlines. However, unlike the defendants in *National Federation* and similar cases where the ADA was found to preempt the plaintiffs' state law claims, defendant in this action is not actually an airline. *See National Federation,* 2011 WL 1544524 at *1 (defendant was United Airlines); *Morales,* 504 U.S. 374 (defendant was Trans World Airlines); *Wolens,* 513 U.S. 219 (defendant was American Airlines). Because ASII is not itself an airline, but rather a provider of contract services to airlines, it is possible that the application of California meal-and-rest break regulations to ASII's employees would affect airline services "in too tenuous, remote or peripheral a manner to have a preemptive effect." *See National Federation,* 2011 WL 1544524 at *6. The law is unclear as to whether the ADA should preempt California meal-and-rest break laws when the defendant is not *itself* an airline.

Before deciding this issue, it would be helpful to have discovery on the extent of ASII's relationship to the airline industry. Limited discovery is allowed on the issue of whether ASII

1  provides services exclusively to air carriers, or also provides services to companies outside the
2  airline industry. Parties are each permitted to take three half-day depositions and propound ten
3  narrow requests for production. This discovery will end on October 25, 2012, and supplemental
4  briefing is due by noon of that day. Parties may also include arguments regarding whether the
5  ADA should preempt state law claims against all entities, or if the ADA's preemptive effect
6  should be analyzed on a case-by-case basis that requires factual determinations.

### 3. FAILURE TO PAY OVERTIME WAGES UNDER FEDERAL LAW.

Defendant does not argue that plaintiffs' third claim for relief is preempted by the ADA. Plaintiffs' third claim for relief alleges that defendant failed to pay overtime compensation in violation of the Fair Labor Standards Act (FLSA). Plaintiffs claim that ASII was their employer and was engaged in interstate commerce within the meaning of the FLSA, and that defendant had a gross operating revenue in excess of $500,000 (First Amd. Compl. ¶ 34). Plaintiffs also claim that while the FLSA "requires each covered employer, such as defendant, to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek," defendant has "failed and refused to compensate plaintiffs' overtime work by automatically deducting thirty minutes of work from plaintiffs' eight- and-a-half hour shifts" (*id.* ¶¶ 35–37). Finally, plaintiffs claim that by failing to compensate them "at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek" and by "failing to record, report and/or preserve records of hours worked by plaintiffs," defendant has violated the FLSA (*id.* ¶¶ 38–39).

Defendant argues that plaintiffs' third claim for relief is deficient because "it is based on their defective claim for meal breaks" and "their claim for meal break violation is defective because it is based on allegations that do not result in a missed meal break" (Br. 19). Unlike plaintiffs' state law overtime claim, however, plaintiffs' federal law overtime claim is not necessarily dependent upon allegations of missed meal breaks. Nowhere in their third claim do plaintiffs mention that their eight-and-a-half hour workday was a result of defendant's failure to provide meal breaks. Instead, plaintiffs allege that "[a]t all relevant times, defendant failed and refused to compensate plaintiffs' overtime work by automatically deducting thirty minutes of

5

work from plaintiffs' eight-and-a-half hour shifts" (*id*. ¶ 37). While defendant believes that plaintiffs' claim for overtime under the FLSA is "disingenuous" because "it fails to mention that [the claim] results from their allegations regarding missed meal breaks," this Court is required to accept plaintiffs' claims as true at this stage (*see* Br. 19). Whether plaintiffs' third claim is grounded upon allegations of missed meal breaks and whether these allegations are defective are questions that cannot be resolved from the pleadings on a motion to dismiss. Because plaintiffs have alleged sufficient factual allegations against defendant to state a claim for failure to pay overtime pursuant to the FLSA, defendant's motion to dismiss plaintiffs' third claim for relief is **DENIED**.

### 4. REQUEST FOR JUDICIAL NOTICE.

Defendant has submitted two requests for judicial notice (Dkt. Nos. 12, 21). In each of the requests, defendant asks this Court to judicially notice documents upon which this order need not rely. Therefore, defendant's requests for judicial notice are **DENIED AS MOOT**.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is **DENIED**.

**IT IS SO ORDERED.**

Dated: August 23, 2012

                                                  WILLIAM ALSUP
                                                  UNITED STATES DISTRICT JUDGE